CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
December 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEON S. HAMLETT,          ) | |
|    Plaintiff,          ) | Case No. 7:25-cv-00901 |
|                             ) | |
| v.                                 ) | |
|                             ) | By: Michael F. Urbanski |
| FRANK WRIGHT,            ) | Senior United States District Judge |
|    Defendant.          ) | |

## MEMORANDUM OPINION

Keon S. Hamlett, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, along with a partial application to proceed in forma pauperis under 28 U.S.C. § 1915. Having reviewed the complaint, the court concludes that it must be dismissed under § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### I. Background

According to the complaint, defendant Frank Wright is a private attorney in Rustburg, Virginia, who represented Hamlett on criminal charges in Appomattox County Circuit Court and Campbell County Circuit Court. Compl., ECF No. 1, at 3–5. Hamlett claims that Wright provided ineffective assistance during the criminal proceedings. Id. at 5. He seeks to recover monetary damages from Wright. Id. at 8.

### II. Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for determining whether a complaint is subject to dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, when reviewing a complaint under this provision, the court must accept the plaintiff's allegations as true and draw all reasonable factual inferences in his favor. Id. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.    Discussion

Hamlett filed suit against Wright under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." of the United States. 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, (1988).

Hamlett's complaint does not plausibly suggest that Wright acted under color of state law. All of the alleged actions or omissions for which Hamlett seeks to hold Wright liable occurred during the course of representing Hamlett on criminal charges. It is well settled that an attorney, even when appointed by the court, does not act under color of state law when representing a defendant in a criminal case. See Polk Cnty. v. Dodson, 454 U.S. 312, 325

(1981); Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980). Accordingly, Hamlett's claims against Wright are not viable under § 1983.

## IV.  Conclusion

For the reasons stated, Hamlett's complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. An appropriate order will be entered.

Entered: December 18, 2025

Michael F. Urbanski
U.S. District Judge
2025.12.18
17:28:17 -05'00'

Michael F. Urbanski
Senior United States District Judge